UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN AMOS ATKINSON,<br><br>                    Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | NO: 15-CV-0057-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 12, 13). Plaintiff is represented by Lora Lee Stover. Defendant is represented by Thomas M. Elsberry. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on May 9, 2012, alleging an onset date of April 1, 2000.[1] Tr. 147–53. His claim was denied initially and on reconsideration. Tr. 90–93, 95–96. Plaintiff appeared at a hearing before an administrative law judge on March 7, 2014. Tr. 41–66. The ALJ issued a decision on April 14, 2014, finding that Plaintiff was not disabled under the Act. Tr. 23-37.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since May 9, 2012, the application date. Tr. 25. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment. Tr. 29. The ALJ determined Plaintiff had the RFC to

---

[1] Regardless, Plaintiff is not eligible for SSI disability benefits for any month prior to the month following the month he protectively filed his SSI disability benefits application. 20 C.F.R. §§ 416.330, 416.335.

"perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant has the ability to remember locations and work-like procedures; understand and remember very short and simple instructions; carryout very short and simple instructions; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; sustain an ordinary routine without special supervision; work in coordination with or proximity to others without being distracted by them; make simple work related decisions; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; ask simple questions or request assistance; accept instructions and respond appropriately to criticism from supervisors; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness. The claimant must have no contact with the general public, and in particular, no contact with children."

Tr. 31–32. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 36. At step five the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy in the representative occupations such as assembly occupations, packing and filling machine operator occupations, hand packer and packager occupations, at each exertional level; sedentary, light and medium, according to the vocational expert's testimony. Tr. 36–37. Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy, a finding of not disabled was made. Tr. 37

On April 29, 2014, Plaintiff requested review by the Appeals Council, Tr. 14–15, and submitted a letter brief in support of his argument, Tr. 216–19, along with additional medical records, Tr. 397–418. On February 8, 2015, the Appeals Council denied Plaintiff's request for review, Tr. 1–6, making the ALJ's decision the Commissioner's final decision that is subject to judicial review. 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. Plaintiff has framed two issues for review:

1. Whether the ALJ erred in assessing the Plaintiff's residual functional capacities; and

2. Whether the ALJ failed to pose a proper hypothetical to the vocational expert.

ECF No. 12 at 8.

## DISCUSSION

**A. Opinion of Mahlon Dalley, Ph.D.**

"Plaintiff contends that the ALJ's decision does not properly reject Dr. Dalley's opinion as to the Plaintiff's residual functional capacities as related to

Plaintiff's psychological impairments, as no clear and convincing rational was given for the rejection." ECF No. 12 at 11.

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

On December 7, 2012, Dr. Dalley conducted a DSHS psychological examination of Plaintiff. Tr. 289–94. Dr. Dalley opined Plaintiff would have marked limitations in performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances without special supervision and maintaining appropriate behavior in a work setting and severe limitations in communicating and performing effectively in a work setting and completing a

normal workday and workweek without interruptions from psychologically based symptoms. Tr. 291.

The ALJ rejected Dr. Dalley's opinions of marked and severe limitations because they were unsupported by the objective medical findings, are inconsistent with Dr. Dalley's mental status examination of Plaintiff, and inconsistent with the treatment records and opinions of Dr. Henry and Dr. Veraldi. Tr. 35.

Because Dr. Dalley's opinion was contradicted by the opinions of Drs. Henry and Veraldi, the ALJ was only required to provide specific and legitimate reasons supported by substantial evidence in the record before discounting Dr. Dalley's opinion. The ALJ did so in this case. Tr. 35.

First, the ALJ observed that "Dr. Dalley's own examination of the claimant revealed no evidence to show the claimant would have difficulty communicating and performing effectively in a work setting—the claimant had a normal appearance, speech, attitude and behavior, mood, thought process and thought content, orientation, perception and memory. Dr. Dalley's own examination also failed to reveal any evidence of significant psychological symptoms that would cause "severe" impairments on the claimant's ability to complete a normal workday and workweek." Tr. 35. These findings are supported by substantial evidence in the record.

Next, the ALJ discounted Dr. Dalley's opinion because it was wholly inconsistent with the treatment records and opinions of Drs. Henry and Veraldi. Tr. 35 (citing to Tr. 232–49, 251–64, 298–396). The ALJ extensively discussed and accepted the opinions of Dr. Henry (consultative examiner) and Dr. Veraldi (medical expert). Tr. 33–35. Plaintiff does not challenge these opinions which support the ALJ's RFC finding. Plaintiff challenges certain concerns—as opposed to opinions—expressed by these doctors. ECF No. 12 at 13. However, "[w]here medical reports are inconclusive, 'questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) (citation omitted). No error has been shown.

**B.  Hypothetical Question Posed to Vocational Expert**

Plaintiff faults the ALJ for posing an incomplete hypothetical to the vocational expert. ECF No. 12 at 14. Specifically, Plaintiff contends the hypothetical question did not accurately portray Plaintiff's limitations from his psychological impairments. *Id.*

"An ALJ must propound a hypothetical to a [vocational expert] that is based on medical assumptions supported by substantial evidence in the record that reflects *all* the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001) (emphasis added).  "If the assumptions in the hypothetical are not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

1 supported by the record, the opinion of the vocational expert that claimant has a
2 residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d
3 1450, 1456 (9th Cir. 1984). "It is, however, proper for an ALJ to limit a
4 hypothetical to those impairments that are supported by substantial evidence in the
5 record." *Osenbrock*, 240 F.3d at 1165.

6 Because the ALJ included the full extent of credible limitations supported by
7 the record in the hypothetical, this Court does not find error.

8 **ACCORDINGLY, IT IS HEREBY ORDERED:**

9   1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

10  2. Defendant's Motion for Summary Judgment (ECF No. 13) is
11     **GRANTED**.

12 The District Court Executive is hereby directed to file this Order, enter
13 Judgment for Defendant, provide copies to counsel, and **CLOSE** the file.

14 **DATED** November 10, 2015.



THOMAS O. RICE
United States District Judge